**Harry B. LEICHT, in his capacity as personal representative of the Estate of Marie–Therese Leicht, Plaintiff–Appellant,**

v.

**HAWAIIAN AIRLINES, INC., Defendant–Appellee.**

**No. 99–17225.**

**D.C. No. CV 98–755 SOM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2001.

Decided Aug. 7, 2001.

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

MEMORANDUM *

In this action for, among other claims, violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Plaintiff Marie–Therese Leicht challenged the refusal of her employer, Hawaiian Airlines, Inc., to provide her a reasonable accommodation to enable her to return to work following her treatment for lung cancer. The court granted Hawaiian's motion for summary judgment on Plaintiff's ADA claim.[1] Plaintiff, by her cousin and personal representative, Harry B. Leicht, appeals.[2] We reverse and remand for further proceedings in light of our decisions in *Barnett v. U.S. Air, Inc.,*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The district court also granted Defendant's motion with respect to Leicht's Age Discrimination in Employment Act ("ADEA") and promissory estoppel claims. *Leicht,* 77 F.Supp.2d at 1145, 1153. Plaintiff appeals only from entry of judgment on the ADA claim.

2. Plaintiff died in August 1999 (evidently due to complications following heart surgery), before the district court granted Defendant Hawaiian Airlines' motion for summary judgment on September 21, 1999. Counsel timely filed the notice of appeal on October 14, 1999. Plaintiff's cousin, Harry B. Leicht, was appointed her personal representative on December 1, 1999. He was substituted as appellant by order of this court filed on January 28, 2000.

228 F.3d 1105 (9th Cir.2000) (en banc), *cert. granted in part by U.S. Airways, Inc. v. Barnett,* —— U.S. ——, 121 S.Ct. 1600, ·149 L.Ed.2d 467 (April 16, 2001),[3] and *Humphrey v. Memorial Hospitals Ass'n,* 239 F.3d 1128 (9th Cir.2001).

Plaintiff contended that Hawaiian effectively decided unilaterally (and without notifying her) that her medical leave was no longer a reasonable accommodation when it permanently replaced her as the Director of Procedures and Training. In addition, Plaintiff argued that Defendant failed to consider fairly her qualifications for the position of Director of Security and Security Systems. Defendant did not discuss the position with Plaintiff as a potential reasonable accommodation, but merely rejected her application.

The district court found that Plaintiff had failed to satisfy her burden of showing that she qualified at the relevant times, with or without reasonable accommodation, for either of the two positions she sought. With respect to Plaintiff's original position, the district court noted that, in February 1998, Defendant was aware of Plaintiff's disability, knew that her prognosis was good, and knew that Plaintiff hoped to return to work in May 1998. Defendant nevertheless replaced Plaintiff permanently without discussing the decision with her, indeed, without notifying her at all. As Plaintiff had not "request[ed] that her replacement remain temporary in the interim[,]" the district court found that Defendant's obligation to accommodate Plaintiff's disability was not triggered. Plaintiff had not, therefore, carried her burden. *Leicht v. Hawaiian Airlines, Inc.,* 77 F.Supp.2d 1134, 1149–50 and n. 8 (D.Haw.1999).

As for the second position, Director of Security and Security Systems, the district court found that Plaintiff had not identified "specific reasonable accommodations for which she qualified at the time her limitations became known." *Id.* at 1150–51. She had not carried her burden of showing "either how she would perform the physical duties ... or why the position [did] not actually require physical mobility and activity." *Id.* at 1151.

We review a grant of summary judgment de novo. *Humphrey v. Memorial Hospitals Ass'n,* 239 F.3d at 1134–35. We view the evidence in the light most favorable to the non-moving party. *Deppe v. United Airlines,* 217 F.3d 1262, 1264 (9th Cir.2000). Summary judgment is proper when no genuine issue of material fact exists for trial and when the district court has applied the substantive law correctly. *Id.* at 1264–65.

■■■ After the parties submitted their briefs on this appeal, this court issued two opinions bearing on the district court's decision here. In *Barnett v. U.S. Air, Inc.,* we held that an employer is required to engage in an interactive process to find a reasonable accommodation. 228 F.3d at 1114. The employer's duty "is triggered by an employee or an employee's representative giving notice of the employee's disability and the desire for an accommodation." *Id.* If an employee cannot make the request, and "if the company knows of the existence of the employee's disability, the employer *must* assist in initiating the interactive process." *Id.* (emphasis add-

**3.** The Supreme Court granted certiorari to review the question whether or not the ADA obligates "an employer to reassign a disabled employee to a different position as a 'reasonable accommodation' even though another employee is entitled to hold the position under the employer's bona fide and established seniority system[.]" Westlaw Bulletin, U.S. Supreme Court (April 16, 2001). Neither party has argued that this question is involved in the instant appeal.

ed). Moreover, "employers must notify applicants and employees of the reasonable accommodation provisions, who is entitled to an accommodation and what is necessary to trigger the interactive process." *Id.* at n. 5. The duty to accommodate is a continuing one; a single effort will not suffice. *See Humphrey v. Memorial Hospitals Ass'n,* 239 F.3d at 1138 (once employer knew that initial accommodation of a flexible starting time was not working, *employer* had duty to explore further arrangements to reasonably accommodate employee's disability).

We find that, under *Barnett* and *Humphrey,* both of which were decided after the district court entered the order granting defendant's motion for summary judgment, genuine issues of material fact regarding the interactive process exist in this case. Accordingly, we reverse and remand for further proceedings consistent with the foregoing discussion.

REVERSED and REMANDED.